UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORETHA BRAY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | Case No. 20-cv-12153<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (ECF NO. 23)**

### I.　　Introduction

Kerry Spencer, counsel for Plaintiff Doretha Bray, seeks an award of $4,273.50 for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). ECF No. 23. The requested amount represents 23.1 hours of attorney work on Bray's behalf at a proposed hourly rate of $185.00. The Commissioner of Social Security does not object to the motion for fees in this amount. ECF No. 24. After reviewing the record, the Court **RECOMMENDS** that the motion for attorney's fees be **GRANTED**.

II.   Analysis

A.

Under the EAJA, a "prevailing party" in a civil action "brought by or against the United States" is entitled to reasonable attorney's fees incurred in that action unless "the position of the United States was substantially justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); § 2412(d)(2)(A); *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014). The Court has broad discretion in determining whether to award fees under the EAJA. *Fisher v. Comm'r of Soc. Sec.*, No. 14-cv-13881, 2015 WL 4944385, at *1 (E.D. Mich. Aug. 19, 2015). But the Sixth Circuit has cautioned lower courts against "rubber stamp[ing]" EAJA fee applications, especially when a party requests an increased hourly rate based on inflation. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

B.

A claimant is entitled to attorney's fees under the EAJA if (1) she is a prevailing party, (2) the Commissioner's opposing position was without substantial justification, and (3) there are no special circumstances that warrant denial of fees. *DeLong*, 748 F.3d at 725. "The application must also be filed within thirty days of a court's final judgment. Only reasonable

attorney fees will be permitted." *Cantu v. Comm'r of Soc. Sec.*, No. 18-11409, 2019 WL 2314863, at *1 (E.D. Mich. May 31, 2019) (internal citations omitted).  This application meets all these requirements.

By stipulation of the parties, the district judge remanded the case for further agency action under sentence four of 42 U.S.C. § 405(g).  ECF No. 20.  Bray is thus a prevailing party.  *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

And the government's position was not substantially justified.  A position is substantially justified if it could satisfy a reasonable person that it was reasonable under both law and fact.  *Cantu*, 2019 WL 2314863, at *1 (citing *Pierce v. Underwood*, 487 U.S. 552, 553 (1988)).  "'[T]he relevant inquiry concerning the government's position was whether it was reasonable for the Commissioner to defend the ALJ's decision to deny benefits.'"  *Id.* (quoting *Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012)).  The Commissioner carries the burden of showing that its position was substantially justified.  *Delong*, 748 F.3d at 725-26.  Because the Commissioner does not oppose the application for fees, it has not met this burden.  *See Cantu*, 2019 WL 2314863, at *1 (collecting cases holding that substantial justification does not exist when the government does not oppose an application for fees).  And the Commissioner's

stipulation to remand evinces the government's lack of substantial justification in defending the ALJ's decision to deny benefits.

Finally, the application was timely filed, and the Commissioner has advanced no special circumstance warranting denial.[1]

## C.

The amount of the fees requested is reasonable. In contemplating what constitutes "reasonable attorney fees," the EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). A plaintiff requesting an increased hourly rate bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (internal quotation marks omitted).

---

[1] The motion was originally filed on June 18, 2021, within the 30-day period that expired on June 21, 2021. ECF No. 22. The district court struck the motion on June 21, 2021, and Bray refiled it the next day.

Although an increased cost of living reflected in the Consumer Price Index is alone insufficient evidence for an increased hourly rate, attorney affidavits and qualifications provide other support that can satisfy the applicant's burden. *Cantu*, 2019 WL 2314863, at *4; *see also Elms v. Comm'r of Soc. Sec.*, No. 16-10180, 2019 WL 1532372, at *3 (E.D. Mich. Apr. 9, 2019). Here, the application relies on (1) the State Bar of Michigan's 2017 Economics of Law Attorney Income and Billing Rate Summary Report, (2) a summary of Spencer's extensive experience practicing social security disability law, and (3) an itemization of the hours Spencer spent working on the case. ECF No. 23, PageID.1026-1027, 1030-1032. Although Spencer summarizes her professional experience in the briefing rather than in an affidavit, representations made in signed briefs are certified, to the best of the attorney's knowledge, to have evidentiary support. *See* Fed. R. Civ. P. 11(b)(3).

Together, this information shows that the requested attorney hourly rate of $185.00 is reasonable under the EAJA. This amount is commensurate with the rates recently awarded by other courts in this district. *See, e.g.*, *Hightower v. Comm'r of Soc. Sec.*, No. 17-12384, 2022 WL 597436, at *2 (E.D. Mich. Feb. 28, 2022) (approving an hourly rate of $191.76); *Cantu*, 2019 WL 2314863, at *4 (approving an hourly rate of

$192.13); *Elms*, 2019 WL 1532372, at *2 (approving an hourly rate of $190.06).  And the 23.1 hours claimed are also in line with cases awarding EAJA fees.[2]  *See Jeter v. Comm'r of Soc. Sec.*, No. 1:18-cv-465, 2019 WL 1060968, at *2 (W.D. Mich. Feb. 5, 2019) ("a reasonable expenditure of time for the representation of a party" in a social security appeal is between 15 to 30 hours).  Notably, the Commissioner agrees that the amount of fees requested is reasonable.

In sum, the Court finds that Bray is entitled to $4,273.50 in attorney's fees under EAJA.  In a retainer agreement, Bray assigned to Spencer all attorney's fees and costs awarded in connection with the action.  ECF No. 23, PageID.1033.  Thus, the Commissioner may make payment of the attorney's fees directly to Spencer, subject to offset for any pre-existing debt that Bray owes to the government.  *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010); *Cowart v. Comm'r of Soc. Sec.*, 795 F. Supp. 2d 667, 671 (E.D. Mich. 2011) (noting that "if there is an assignment of EAJA fees, and

---

[2] The itemization details 22.1 hours spent working on the merits of the case.  ECF No. 23, PageID.1030-1032.  Spencer spent another hour preparing the motion for attorney fees—time that is compensable under the EAJA.  *See* ECF No. 23 at 1027; *Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 488 (6th Cir. 2021).

if there is no pre-existing debt to the Government, then fees should be paid directly to the attorney").

## III. Conclusion

The Court thus **RECOMMENDS** that the motion for attorney's fees, ECF No. 23, be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 18, 2022

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 18, 2022.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager
