UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORETHA BRAY,  Plaintiff,  v.  COMMISSIONER OF SOCIAL SECURITY,  Defendant. | Case No. 20-12153  Honorable Laurie J. Michelson  Magistrate Judge Elizabeth A. Stafford |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [26] AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [23]**

In August of 2020, Doretha Bray brought suit against of the Commissioner of Social Security, who had denied her supplemental social security benefits. (ECF No. 1.) The case was eventually remanded to the Commissioner by stipulation. (ECF No. 20.) Shortly thereafter, Bray filed a motion for attorney fees under the Equal Access to Justice Act. (ECF No. 23.) The Commissioner filed a response and had no objection to the motion. (ECF No. 24.)

The motion was then referred to Magistrate Judge Elizabeth A. Stafford (ECF No. 25), and she recommended that the motion be granted (ECF No. 26). At the conclusion of her March 18, 2022 Report and Recommendation, Magistrate Judge Stafford notified the parties that they were required to file any objections within fourteen days of service as provided in Federal Rule of Civil Procedure 72(b)(2), and that, "[i]f a party fails to timely file specific objections, any further appeal is waived."

(ECF No. 26, PageID.1044.) Neither party objected to the Report and Recommendation, and the time to do so has passed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution. 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts her recommended disposition. (ECF No. 26.) It follows that Bray's motion for attorney fees is GRANTED. (ECF No. 23.)

SO ORDERED.

Dated: April 11, 2022

                                               s/Laurie J. Michelson  
                                               LAURIE J. MICHELSON  
                                               UNITED STATES DISTRICT JUDGE